means of auditors. Whether it would have been competent for the court in any event to adopt the procedure here suggested, or even to submit the matter of an accounting to the jury, is not decided, since the cause was not tried on the part of the plaintiff on any such theory. Judgment affirmed. Opinion by BAILEY P. J. Judge below, JOHN G. ROGERS. Attorneys, for plaintiff in error, Mr. C. C. BONNEY and Mr. L. M. PAINE ; for defendant in error, Messrs. SWETT, GROSSCUP & SWETT. Opinion filed April 7, 1886.

No. 16—2284. Gustavus M. Graham, survivor, etc., v. Jonathan B. Graham. Defendant in error sued Gustavus Mills Graham as surviving partner of the firm of Graham Brothers, and on September 26, 1885, a plea of the general issue was filed for said defendant by John and Ernest McGaffey, attorneys; on September 28, 1885, Eric Winters and G. W. Smith, attorneys, filed for same defendant a plea accompanied by an affidavit of merits sworn to by one Stillman Mann who says in affidavit that he is agent of defendant. October 10, 1885, an order was entered reciting that "on agreement of the parties to this suit now made in open court, this cause is submitted to the court for trial without a jury" and trial finding for plaintiff and judgment. October 13, 1885, motion by Eric Winters and Geo. W. Smith as attorneys for defendant, to set aside judgment. Affidavit of Winters shows that on September 26, 1885, affiant and Geo. W. Smith were retained "on behalf of and their appearance for the defendant," and filed plea on September 28th. Plea by McGaffey, attorneys, being then on file cause was submitted to court, October 10th, by agreement between said McGaffey and A. C. Story, attorney for plaintiff, without notice to affiant or said Smith, and they never consented to trial of case without a jury and out of regular order. Action brought against surviving partner for alleged indebtedness of firm. Stillman Mann has been duly appointed administrator of deceased partner, and is interested in seeing that said cause is defended. Claims affiant and Smith are entitled to appear and defend in said cause, "because they were retained by said Stillman Mann, administrator." Affiant believes defendant has full and complete defense to plaintiff's demand and "is informed and believes that said plaintiff and defendant are colluding together for the purpose of de-

frauding the estate of said deceased out of its interest in said partnership estate, and for that purpose have had said judg-ment entered up." Motion to set aside judgment was denied and said ruling was assigned for error. The court is of opin-ion that the ruling of the court on said motion was correct. No facts are stated in the affidavit filed in support of the mo-tion, which would authorize the court to disturb the judgment, nor which would require the court to allow the administrator of the deceased partner to take charge of or participate in the suit by his attorneys. If the suggestions that the surviving partner was colluding with the plaintiff to fraudulently dissipate the deceased partner's interest in the partnership estate is true, the remedy must be sought in another forum. Judgment affirmed. Opinion by MORAN, J. Judge below, JOSEPH E. GARY. Attorneys, for plaintiff in error, Mr. GEO. N. SMITH and Mr. ERIC WINTERS; for defendant in error, Mr. ALLAN C. STORY. Opinion filed April 7, 1886.

No. 28—2297. William A. Giles v. John F. Barney et al. A proceeding under the Mechanic's Lien Law where the action was based upon and for work and materials done and furnished under a written contract between the parties. By the fifth clause of the agreement under which the materials were fur-nished and the work done, Giles agreed that upon the archi-tect's acceptance of the work as complete and finished, he would pay to the petitioners the balance in full, "on the pre-sentation of the architect's certificate certifying that the con-tract has been well and truly performed and accepted by him, and that all damages or allowances which should be paid or made by the parties of the second part have been deducted from the amount of the said final certificate, and also a certifi-cate from the parties of the second part, that all claims and damages for extra work or otherwise, under, or in connection with this contract, have been presented to the architect." The making by the architect of the one, and by the contractors of the other of said certificates, and the presentation of them respectively to Giles, the owner, by or on behalf of said con-tractors, was a condition precedent to the right to payment for the final balance under the contract: Packard v. Van Schoick, 58 Ill. 79, and cases there cited ; Coey v. Lehman, 79 Ill. 173 ; Downey v. O'Donnell, 86 Ill. 49; Walsh v. Walsh, 11 Bradwell,